**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| ICASHE, INC.,<br><br>　　　　　*Plaintiff*,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>*et al.*<br><br>　　　　　*Defendants*. | Civil Action No. 2:24-CV-0429-JRG |

## <u>PROTECTIVE ORDER</u>

WHEREAS, Plaintiff iCashe, Inc. and Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc., (collectively, "the Parties") believe that certain information that is or will be encompassed by discovery demands in the above-captioned case (the "Action") by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and **ORDERED** that:

1.　　Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such

document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it (a "Producing Party") by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE." The words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE."

2.    Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential—Attorneys' Eyes Only" or other confidentiality designation shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3.    With respect to documents, information or material designated "CONFIDENTIAL, "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "RESTRICTED

CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (i.e., "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

5.    A Party receiving Protected Material (a "Receiving Party") may disclose "CONFIDENTIAL" documents, information and material only to the following persons, except upon receipt of the prior written consent of the Producing Party, upon order of the Court, or as set forth in paragraph 14 herein:

(a)    outside counsel of record in this Action for the Parties;

(b)    employees of such outside counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)    in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action provided that before access is given, the in-house counsel has completed the Undertaking attached as Appendix A hereto and the same is served upon the Producing Party with a notice that shall include: (a) the in-house counsel's name and business title; (b) business address; (c) the in-house counsel's CV; and (d) a list of all companies with which the in-house counsel has been employed within the last four years. The Undertaking and notice shall be served at least ten (10) calendar days before access to the CONFIDENTIAL material is to be given to that in-house counsel. Within ten (10) calendar days of being served with the notice of the intended disclosure, the Producing Party may object to and notify the Receiving Party in writing that it objects to disclosure of CONFIDENTIAL material to the in-house counsel. The Parties agree to promptly confer and use good faith to resolve any such objection. A Producing Party's objection to the disclosure of CONFIDENTIAL material to an in-house counsel must state with particularity the ground(s) of the objections. If no Party raises such an objection within ten (10) calendar days of receiving notice of the intended disclosure, the in-house counsel shall be deemed qualified to receive the CONFIDENTIAL material described in the notice of intended disclosure. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within ten (10) calendar days of the objection, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. A failure to file a motion within ten (10) calendar days after raising the objection, absent an agreement of the Parties to the contrary or for an extension of such ten (10) calendar day period, shall operate to allow disclosure of the CONFIDENTIAL material to the in-house counsel objected to. The Parties agree to cooperate in good faith to shorten the time frames set forth

in this paragraph if necessary to abide by any discovery or briefing schedules;

(d)     up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, provided that before access is given, the designated representative has completed the Undertaking attached as Appendix A hereto and the same is served upon the Producing Party with a notice that shall include: (a) the designated representative's name and business title; (b) business address; (c) the designated representative's CV; and (d) a list of all companies with which the designated representative has been employed within the last four years. The Undertaking and notice shall be served at least ten (10) calendar days before access to CONFIDENTIAL material is to be given to that designated representative. Within ten (10) calendar days of being served with the notice of the intended disclosure, the Producing Party may object to and notify the Receiving Party in writing that it objects to disclosure of CONFIDENTIAL material to a designated representative. The Parties agree to promptly confer and use good faith to resolve any such objection. A Producing Party's objection to the disclosure of CONFIDENTIAL material to a designated representative must state with particularity the ground(s) of the objections. If no Party raises such an objection within ten (10) calendar days of receiving notice of the intended disclosure, the designated representative shall be deemed qualified to receive CONFIDENTIAL material. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within ten (10) calendar days of the objection, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. A failure to file a motion within ten (10) calendar days after raising the objection, absent an agreement of the Parties to the contrary or for an extension of such ten (10) calendar day period, shall operate to allow disclosure of CONFIDENTIAL material to the designated representative objected to. The Parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules. Either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)     outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for

---

[2] This paragraph shall also include the outside consultant's or expert's direct reports and other support personnel who are assigned to and reasonably necessary to assist such consultant or expert in this Action. Completion of the undertaking attached as Appendix A by the outside consultant or expert shall suffice for such direct reports and other support personnel.

purposes other than this Action, or by a competitor of a Party, nor anticipated at the time of retention to become an officer, director, or employee of a Party or a competitor of a Party; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the Producing Party with a notice that shall include (i) the individual's name, business title, and current employer(s); (ii) business address; (iii) a current curriculum vitae; (iv) a list of other cases in which the individual has testified (at trial or deposition) within the last five (5) years; (v) a list of all companies with which the individual has consulted or by which the individual has been employed, including in connection with a litigation,[3] within the last four years; and (vi) identification of whether the expert is requesting access to RESTRICTED CONFIDENTIAL SOURCE CODE material.  The notice shall be served at least ten (10) calendar days before access to the Protected Material is to be given to that consultant or expert. Within ten (10) calendar days of being served with the notice of the intended disclosure, the Producing Party may object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. A Producing Party's objection to the disclosure of Protected Material to an outside consultant or expert must state with particularity the ground(s) of the objections.  If no Party raises such an objection within ten (10) calendar days of receiving notice of the intended disclosure, the outside consultant or expert shall be deemed qualified to receive the Protected Material described in the notice of intended disclosure. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within ten (10) calendar days of the objection, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. A failure to file a motion within ten (10) calendar days after raising the objection, absent an agreement of the Parties to the contrary or for an extension of such ten (10) calendar day period, shall operate to allow disclosure of the Protected Material to the outside consultant or expert objected to.  The Parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules;

(f)     any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Order;

(g)     independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services (including

---

[3] Any confidential consulting or pre-litigation work performed by the consultant or expert that does not involve or otherwise concern the Producing Party need not be specifically identified. Such disclosure may be satisfied by a certification by the consultant or expert that the confidential engagement does not involve or otherwise concern the Producing Party.

mock jurors who have signed an undertaking or agreement not to publicly disclose Protected Materials and to keep any information containing Protected Materials confidential), and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

(h)    the Court and its personnel.

6.    A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

7.    Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8.    To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the Producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code, chip-level schematics, and/or live data (that is,

data as it exists residing in a database or databases) ("Source Code Material"), the Producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE." "Source Code Material" shall mean documents containing or substantively relating to confidential, proprietary and/or trade secret source code, including computer source code, source code listing, object code (i.e. computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), object code listings, microcode, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, and other comments that are provided inline within the source code itself. Source Code Material also includes files for use with chip design software or that can be used to create a significant portion of the Producing Party's chip associated with the schematic. For avoidance of doubt, this includes source files, make files, intermediate output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

9.     For Protected Material designated HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-h).

10.    For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

(a)     Access to a Party's Source Code Material shall be provided  only on one "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). Additionally, except as provided in paragraphs 10(n and o) below, the stand-alone computer(s) may only be located at the offices of the Producing Party's outside counsel in the continental United States, and/or as otherwise agreed to by the parties or as ordered by the

Court;

(b)     Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. Prior to the first inspection of any requested Source Code Material, the Receiving Party shall provide five (5) business days' notice of the Source Code Material that it wishes to inspect. The Receiving Party shall provide three (3) business days' notice prior to any additional inspection, although the Receiving Party may provide notice at the conclusion of any day on which code review is performed of its request to continue said review on the following business day. When requesting inspection of a Party's Source Code Material, the Receiving Party shall identify the person permitted above who will inspect the Producing Party's Source Code Material on behalf of a Receiving Party, including without limitation members of a Receiving Party's outside law firm. Any review of source code on the Source Code Computer by the Receiving Party must occur prior to the close of expert discovery;

(c)     The Receiving Party's representative may take notes but is prohibited from circumventing the limitations of this Protective Order through notetaking, e.g., by transcribing code. A Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code material onto any recordable media or recordable device other than for service of Source Code Documents or for presentation at trial. The Receiving Party is prohibited from bringing electronic devices (other than medical devices) into the Source Code Material viewing room, including but not limited to laptops, thumb drives, hard drives, tape drives, modems, modem cards, floppy drives, zip drives, cameras, voice recorders, or any other electronic device other than a laptop for notetaking. A separate, secure, and substantially private breakout room convenient to the review room will be provided where the Receiving Party's reviewer may store and use their electronic devices prior to entering the Source Code Material viewing room;

(d)     The Producing Party shall also be entitled to visually monitor the Receiving Party's activities in the Source Code Material viewing room from outside such room, through a glass wall or window, so long as the Producing Party cannot hear the Receiving Party or see the contents of the Receiving Party's notes or the display of the Source Code Computer and only to ensure that the provisions of this Order are being adhered to. The Producing Party may not record (visually, audibly or by other means) the activities of the Receiving Party's representatives. The Producing Party shall not review any notes taken. The Producing Party may maintain a log of all persons accessing the Source Code Material on behalf of a Receiving Party; the Producing Party shall have the right to confirm the identities of persons accessing such Source Code Material by inspecting and photocopying government-issued photo identification for inclusion in such log. The Producing Party may, at its discretion, deny access to the room where the Source Code

Computer is located to any individual who fails to provide proper identification. No one inspecting Source Code Material is permitted in the Source Code Material viewing room while in possession of any device prohibited in paragraph 10(c) above;

(e)     The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. on business days (i.e., weekdays that are not federal holidays). However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel or any location agreed to under paragraph 10(a) above shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(f)     The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(g)     The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above, and upon reasonable request from the Receiving Party will make reasonable efforts to install reasonable search and analysis software tools appropriate for the type of Source Code material being produced, provided, however, that the Receiving Party possesses an appropriate license to such software tools. The Receiving Party must provide the Producing Party with the CD, or DVD or website link(s) containing the requested software tool(s) to be installed on the Source Code Computer no later than five (5) business days before the review. However, where the Source Code Material includes circuit schematics designed using schematic capture, reasonable search and analysis software tools shall include software for reviewing circuit schematics in a native design environment, and such native circuit schematic software tools shall be provided by the Producing Party. Additionally, if the requested software tools are already available to the Producing Party such that the Producing Party can provide the requested software tools at no additional cost to the Producing Party, the software tools will be made available at no cost to the Receiving Party. The Producing Party shall install and make the requested software tools available for use on the Source Code Computer provided that the requested search software is compatible with the operating system and other software necessary to make the Source Code available for inspection, does not prevent or impede the Receiving Party's access to the Source Code Material produced for inspection on Source Code Computer, and does not side-step any of the security features enabled on a Source Code Computer. The Receiving Party shall not at any time use any compilers, interpreters, or simulators in connection with the Producing Party's Source Code Material;

(h)     A Receiving Party may include reasonable excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document ("Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(i)     The Receiving Party shall be permitted to have printed by the Producing Party a reasonable number of printouts of Source Code Material and up to five (5) extra photocopy sets of the printed Source Code Material,[4] reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, depositions, or trial.  Except as provided herein, no person shall copy, e-mail, transmit, upload, download, print, photograph, or otherwise duplicate any portion of the designated Source Code Material.  The Receiving Party shall request to have printed only such limited portions of the Source Code Materials and shall not request paper copies for the purpose of reviewing Source Code Material.  In no event may the Receiving Party request to have printed more than thirty-five (35) consecutive pages, or more than 800 standard pages of Source Code Material without prior written approval of the Producing Party.  The Receiving Party's reviewers will be permitted to format printouts (e.g. the color and font of text generated in NotePad++ printouts), and to save PDF printouts to a folder on the desktop of the Source Code Computer for printing by the Producing Party.  The Producing Party shall Bates number, copy and label "RESTRICTED CONFIDENTIAL - SOURCE CODE" any pages printed at the request of the Receiving Party, and give them to the Receiving Party within five (5) business days of printing unless objected to.  If, following its inspection, the Receiving Party believes in good faith that it requires modifications to the page limits herein, the Parties shall make good-faith efforts to resolve the dispute, and failing such resolution, the Receiving Party may move the Court for relief.

(j)     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE. Wherever possible, the Receiving Party will make reasonable and good-faith efforts to reference production numbers, file names, and line numbers rather than provide excerpts of Source Code Material;

---

[4] The Receiving Party's outside counsel shall maintain a log of all such paper copies of the Source Code Material, including the recipients and storage locations of the same.  Upon five (5) days advance notice to the Receiving Party, based on a particularized showing of need for the log, the Receiving Party shall provide a copy of this log to the Producing Party.

No electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create Source Code Documents;

(k)     Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(l)     If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition). Source Code Material, in whatever form, including as an excerpt or in notes, shall not be transmitted (e.g., by email) other than for service of Source Code Documents or taken outside the territorial United States or be made the subject of a "deemed" export within the meaning of US export control laws, without the express prior written consent of the Producing Party;

(m)     A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 10(b) above to another person authorized under paragraph 10(b) above, on paper via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet;

(n)     Upon request, no later than five (5) business days before a deposition, the Producing Party will make a source code review stand-alone computer available for use at the deposition(s) of: Producing Party's personnel (including its 30(b)(6) designees), but only to the extent the Producing Party's personnel that is the subject of the deposition has access to the source code as part of their employment of the Producing Party; the Producing Party's outside consultants and experts; or the Receiving Party's outside consultants and experts that are authorized to access Source Code materials.

11.    Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated    HIGHLY    CONFIDENTIAL—ATTORNEYS'    EYES    ONLY    and/or

RESTRICTED CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns substantive aspects of, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, advise on, consult on, draft, edit amend, or assist in the preparation or prosecution of any patent application specifications, claims, and/or responses to office actions, or otherwise affecting the scope of claims in patents or patent applications pertaining to the field of the invention of the patents-in-suit before any foreign or domestic agency, including the United States Patent and Trademark Office. These prohibitions shall remain in effect on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application (or participate in or assist with claim amendments of any patent) pertaining to the field of invention of the patent-in-suit.

12.   Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. Pursuant to paragraph 12(f) of the Discovery Order (Dkt. No. 31), if documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way

prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.

13.     The Parties acknowledge that some documents, information, or material may be subject to provisions and procedures outlined by the South Korean government's Ministry of Trade, Industry, and Energy ("MOTIE Documents"). To the extent that production of MOTIE Documents is prohibited or restricted by the South Korean government's Ministry of Trade, Industry, and Energy or the laws or regulations of South Korea, the Producing Party agrees to engage in good faith efforts to obtain approval from such South Korean government or regulatory agency to produce the MOTIE Documents. In particular, the Producing Party shall (1) identify the MOTIE Documents to the Receiving Party, (2) explain the steps it is taking to seek approval of production of the MOTIE Documents, and (3) keep the Receiving Party regularly apprised of any updates. If a Party raises concerns at any point, the Parties will meet and confer in good faith to attempt to reach a resolution. If no resolution can be reached, the Parties may then raise the issue with the Court. Further, the Producing Party agrees to use reasonable efforts to identify the full scope of MOTIE Documents within 90 days of the entry of this Order to ensure that the parties have sufficient time to address these and related issues in advance of the deadline for substantial completion of document production, presently set for September 16, 2025.

14.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.   If a

Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify the designating Party in writing of the unauthorized disclosures, and provide all known, relevant information concerning the nature and circumstances of the disclosure; and (b) use its best efforts to retrieve all unauthorized copies of the Protected Material and to ensure that no further or greater unauthorized disclosure and/or use occurs.

15.   Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the Producing Party or a current or former officer, director or employee of a company affiliated with the Producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation and has been approved to receive DESIGNATED MATERIAL pursuant to 5(f); (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the

producing Party or from the Court.

16. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY.

17. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19. A Party may request in writing to the other Party that the designation given to any

DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20.    Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order. To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any "Foreign Person" (even if within the United States), as that term is defined in the United States Export Administration Regulations ("EAR"). Each Party shall be responsible for its own compliance with Export Control Laws and Regulations including but not limited to the EAR. For the avoidance of doubt, the definitions of "U.S. Person(s)" and "Foreign Person(s)" in the EAR shall apply to this Protective Order in determining the status of an individual.

21.    A Receiving Party (including its counsel and their staff, experts, contractors, and consultants) shall not enter any information from a Producing Party's DESIGNATED MATERIAL into publicly accessible artificial intelligence (AI) platform, such as Chat GPT, or any publicly accessible machine translation services like Google Translate that

may result in the information becoming available to unauthorized parties, provided however, that a Receiving Party (including its counsel and their staff, experts, contractors, and consultants) shall be permitted to engage reputable translation vendors to translate information from a Producing Party's DESIGNATED MATERIAL with the understanding that such vendors may use secure machine translation tools (*e.g.*, offline proprietary software that runs locally on the vendor's computers or proprietary software that utilizes private cloud-based technology).  The Receiving Party hiring such a vendor is responsible for reporting any breaches or loss of the Producing Party's data by the vendor (to the extent the Party hiring such vendor is aware of any breach) to the Producing Party immediately upon becoming aware of the breach and the Receiving Party shall use reasonable efforts to investigate the breach or loss of data as soon as possible.

22.    In the event any Party encounters a Data Breach, the other Parties shall reasonably cooperate with the Party who experienced the Data Breach in investigating any apparent unauthorized access or breach of Protected Materials.  Any Party who experiences a Data Breach shall seasonably provide written notice of the breach to the other Parties, including complete information on all of the applicable facts and circumstances leading up to and resulting from the incident of the Data Breach.  A Party who experiences a Data Breach shall bear the losses and expenses (including attorneys' fees) associated with the unauthorized access of Protected Materials.

23.    Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has

agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

24. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

25. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE," any documents, information or other material, in whole or in part, produced or given by such Third Parties, and such Protected Information shall be subject to the restrictions specified in this Order. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "RESTRICTED CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order.

26. The provisions of this Order shall continue to be binding after final termination of this case until a Producing Party agrees otherwise in writing or a court order otherwise directs. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the Producing Party's election either be returned to the Producing

Party or be destroyed.  Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain copies of pleadings, expert reports, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (including exhibits thereto), deposition transcripts (and exhibits thereto), trial and hearing transcripts, and exhibits offered or introduced into evidence at any hearing or trial, correspondence related to this litigation, including emails and their attachments, and their attorney work product which refers or is related to any DESIGNATED MATERIAL, except that all portions of Source Code Material in these documents must be destroyed. The Parties acknowledge that they will continue to be bound by this Order after the conclusion of this Action.  The Receiving Party shall verify the return or destruction by affidavit furnished to the Producing Party, upon the Producing Party's request.

27.    The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

28.    Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any

action alleged to constitute a violation of this Order.

29.    Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

30.    Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

31.    Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

**So ORDERED and SIGNED this 10th day of October, 2024.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| ICASHE, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>*et al.*<br><br>    Defendants. | Civil Action No. 2:24-CV-0429-JRG<br><br>**JURY TRIAL DEMANDED** |

**APPENDIX A**
**UNDERTAKING OF EXPERTS, CONSULTANTS OR PARTY REPRESENTATIVES**
**REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____.

  My current employer is _____.

  My current occupation is _____.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things

designated as  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS'
EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into
my possession, and all documents and things that I have prepared relating thereto, to the
outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the
Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____