# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ICASHE, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., <br><br> *Defendants*. | Civil Action No. 2:24-cv-00429-JRG <br><br> **JURY TRIAL DEMANDED** |

# DEFENDANTS' UNOPPOSED MOTION FOR
# LEAVE TO SUPPLEMENT INVALIDITY CONTENTIONS

**I.     BACKGROUND**

Pursuant to Local Patent Rule 3-6(b), Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung") respectfully move for leave to supplement their Invalidity Contentions for good cause. Samsung seeks to supplement for the following reasons:

1.     Samsung wishes to update its Invalidity Contentions to specifically reference the prior art and associated claim charts and arguments in IPR2025-00639 through IPR2025-00645, all of which were previously incorporated by reference in its contentions.

2.     Samsung corrects an inadvertent omission of asserted claim 5 from the Invalidity Contentions for the U.S. Patent 11,270,174 (the '174 patent) in Corrected Exhibits G1, G2, G4, and G5. The analysis for claim 5 as amended is identical to the analysis of element [1.a] of the corresponding invalidity charts for U.S. Patent 9,202,156 (the '156 patent) that Samsung originally served.

3.     Samsung adds new charts for U.S. Patent Nos. 9,112,965 (the '965 patent); 9,483,722 (the '722 patent); and 11,694,053 (the '053 patent) in Exhibits A6-A9, B6-B9, and C10-C13 respectively. These charts are related to the SideTap product manufactured by Tyfone, Inc. (the party that transferred the Asserted Patents to Plaintiff iCashe, Inc. ("iCashe")) and related to three chipsets manufactured by NXP Semiconductors N.V. ("NXP") and are based on information produced by iCashe and NXP during the course of discovery.

Samsung diligently informed iCashe of its intention to move to amend its invalidity contentions and provided iCashe with the amended charts on June 28, 2025. Exs. 1-2.

A redlined version of Samsung's Invalidity Contentions (Ex. 3) and Samsung's amended invalidity charts (Corrected Exhibits G1, G2, G4, and G4 and Exhibits A6-A9, B6-B9, and C10-

C13) are attached as exhibits hereto. As explained below, good cause exists for Samsung to amend its Invalidity Contentions and Plaintiff iCashe does not oppose this motion.

## II.   LEGAL STANDARD

Under Patent Rule 3-6(b) a party may amend its invalidity contentions "by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). To determine whether good cause exists, the Court consider four factors: "(1) the explanation for the party's failure to meet the deadline, (2) the importance of what the Court is excluding, (3) the potential prejudice if the Court allows that thing that would be excluded, and (4) the availability of a continuance to cure such prejudice." *Garrity Power Servs. LLC v. Samsung Elecs. Co.*, No. 2:20-cv-00269, 2021 WL 4894262, at *1 (E.D. Tex. Oct. 19, 2021) (citations omitted).

## III.   ARGUMENT

Good cause exists for each of Samsung's proposed amendments to its Invalidity Contentions because it was diligent in discovering additional evidence and because iCashe will not be prejudiced by Samsung's proposed amendments.

*First*, Samsung has reasonable explanations for each of its proposed amendments:

With respect to Samsung's first proposed change, Samsung's Invalidity Contentions (served prior to Samsung's IPRs) incorporated the prior art and the arguments in the IPRs by reference, such that iCashe has been aware that Samsung intended to rely on this art and these arguments since Samsung served its Contentions. Further, Samsung produced its IPR petitions in this litigation on April 11, 2025, shortly after they were filed on March 10-11, 2025.

With respect to Samsung's second proposed change, though Samsung's Invalidity Contentions inadvertently omitted claim 5 of the '174 patent ("the mobile phone of claim 1 wherein the time-varying magnetic field emulates a swipe of a magnetic card"), Samsung's Contentions did chart the overlapping element [1.a] of the '156 patent ("circuitry to produce a

2

time-varying magnetic field that mimics a swipe of a magnetic card"). Samsung's proposed amended Contentions (attached as Corrected Exhibits G1, G2, G4, and G5) cite the same disclosures from the same references that Samsung served in its '156 Exhibits E1, E4, E5, and E8. *Compare* Element [1.a] in E1, E4, E5, and E8 to claim 5 in Corrected G1, G2, G4, and G5. Thus, iCashe has been aware of Samsung's arguments since Samsung served its original Invalidity Contentions.

With respect to Samsung's third proposed change, Samsung's additional charts are based on Tyfone and NXP products based on Tyfone documents produced by iCashe and on NXP's third party production. Samsung diligently sent these proposed additional charts to iCashe on June 28, 2025. Ex. 1.

*Second*, Samsung's supplemental contentions are important to Samsung's position that the Asserted Claims of the Asserted Patents are invalid. Samsung's contentions support and clarify its initial charts, and additionally add that certain products and chipsets anticipate or render obvious the Asserted Claims, including based on iCashe's own produced documents concerning a product developed by related party Tyfone.

*Third*, iCashe will not be unfairly prejudiced by Samsung's supplemental contentions and indeed does not oppose this motion. Samsung provided these additional and corrected charts to iCashe on June 28, 2025, well before claim construction briefing began on September 16, 2025, and fact discovery is not set to end until November 17, 2025, allowing iCashe ample time to investigate Samsung's theories.

*Fourth and finally*, a continuance is not necessary because iCashe has been aware of these theories since disclosed by Samsung by at least June 28, 2025.

## IV.   CONCLUSION

For the reasons described herein, Samsung respectfully requests that the Court grant its Unopposed Motion for Leave to Supplement Invalidity Contentions.

|  |  |
|---|---|
| Dated: October 14, 2025 | */s/ Melissa R. Smith*<br>Melissa R. Smith<br>State Bar No. 24001351<br>**GILLAM & SMITH, LLP**<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br>Email: melissa@gillamsmithlaw.com<br><br>Steven Pepe<br>(NY Bar No. 2810430)<br>Matthew R. Shapiro<br>(NY Bar No. 5102017)<br>Alexander E. Middleton<br>(NY Bar No. 4797114)<br>Brian Lebow<br>(NY Bar No. 5992573)<br>**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>30 Rockefeller Plaza<br>New York, NY 10112-0015<br>Telephone: (212) 653-8700<br>Facsimile: (212) 653-8701<br>spepe@sheppardmullin.com<br>mshapiro@sheppardmullin.com<br>blebow@sheppardmullin.com<br>amiddleton@sheppardmullin.com<br><br>David S. Chun<br>(CA Bar No. 315958)<br>**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>1540 El Camino Real, Suite 120<br>Menlo Park, CA 94025-4111<br>Telephone: (650) 815-2600<br>Facsimile: (650) 815-2601<br>jdavis@sheppardmullin.com<br><br>Fan (Frances) Zhang<br>(DC Bar No. 1721165)<br>**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**<br>2099 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20006<br>Telephone: 202-747-1900 |

5

Facsimile: 202-747-1901
fzhang@sheppardmullin.com

*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

### CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Defendants conferred with counsel for Plaintiff, and this motion is unopposed.

*/s/ Melissa R. Smith*
Melissa R. Smith

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursual to the Protective Order entered in this case.

*/s/ Melissa R. Smith*
Melissa R. Smith

### CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Pursuant to Local Rule CV-5(c), all counsel of record were served a true and correct copy of the foregoing document by electronic mail on this October 14, 2025.

*/s/ Melissa R. Smith*
Melissa R. Smith