IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ICASHE, INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>*et al*.<br><br>  Defendants. | Case No. 2:24-cv-00429-JRG<br><br>**JURY TRIAL DEMANDED** |

### JOINT MOTION FOR ENTRY OF AMENDED DOCKET CONTROL ORDER

Pursuant to the Docket Control Order (Dkt. 30), Plaintiff iCashe, Inc. and Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. respectfully submit this Joint Motion for Entry of Amended Docket Control Order.

The parties have met and conferred and agreed to the proposed schedule shown in the table below and set forth in the attached Amended Docket Control Order. The Amended Docket Control Order includes modifications of deadlines for which the parties must demonstrate good cause. The parties address good cause below.

The parties respectfully submit that good cause exists to amend the schedule as the parties propose. The parties have worked, and continue to work, diligently and cooperatively on outstanding discovery issues. Despite their best efforts, both parties have experienced unanticipated difficulties related to witness availability for completing fact depositions ahead of the current fact discovery deadline of November 17, 2025, including related to an unexpected medical procedure for one primary witness for which the recovery time is not yet certain (there is no

1

concern that this medical issue will necessitate further schedule modifications). The parties' discovery efforts have been further complicated by third-party discovery delays, including significant recent and ongoing document productions and the need for party and third-party depositions related to certain third-party documents. The parties are cooperating to ensure that this additional party and third-party discovery can be completed as quickly and efficiently as possible.

In view of these discovery issues, the parties seek to amend the Docket Control Order to provide sufficient time to ensure that depositions and third-party discovery can be completed in a manner fair to all parties, and in a manner that reduces the potential need for supplemental expert reports. The parties propose to extend the close of fact discovery by approximately two-and-a-half weeks, to December 5, 2025, with an opening expert report deadline to follow of December 8, 2025, a rebuttal expert report deadline of December 29, 2025, a close of expert discovery of January 13, 2026, and a deadline for dispositive motions and motions to exclude expert testimony of January 15, 2026 (10 days later than the current deadline of January 5, 2026). The parties' proposed Amended Docket Control Order would not change any other pretrial deadlines.

The parties recognize the impact on the Court of the proposed schedule modifications. To partially offset the impact of the requested schedule changes, the parties' proposed Amended Docket Order provides for a moderately compressed briefing schedule for dispositive motions (including motions to strike expert testimony), shortened by three days total, such that all briefing will be complete seven days, and not 10 days, later than under the current Docket Control Order.

For the reasons set forth above, the parties respectfully request that the Court grant the parties' joint motion.

| Original Deadline | Proposed Amended Deadline | Event |
|---|---|---|
| April 6, 2026 | *No change* | *Jury Selection – 9:00 a.m. in **Marshall, Texas** |
| 7 days before Jury Selection | *No change* | *Defendant to disclose final invalidity theories, final prior art references/combinations, and final equitable defenses with notice of the same filed with the Court.[1] |
| 10 days before Jury Selection | *No change* | *Plaintiff to disclose final election of Asserted Claims with notice of the same filed with the Court.[2] |
| March 9, 2026 | *No change* | *If a juror questionnaire is to be used, an editable (in Microsoft Word format) questionnaire shall be jointly submitted to the Deputy Clerk in Charge by this date.[3] |
| March 2, 2026 | *No change* | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before Judge Rodney Gilstrap |
| February 23, 2026 | *No change* | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |

---

[1] The proposed DCO shall include this specific deadline. The deadline shall read, "7 days before Jury Selection," and shall not include a specific date.

[2] Given the Court's past experiences with litigants dropping claims and defenses during or on the eve of trial, the Court is of the opinion that these additional deadlines are necessary. The proposed DCO shall include this specific deadline. The deadline shall read, "10 days before Jury Selection," and shall not include a specific date.

[3] The Parties are referred to the Court's Standing Order Regarding Use of Juror Questionnaires in Advance of *Voir Dire.*

| | | |
|---|---|---|
| February 23, 2026 | *No change* | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions *in Limine*, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations |
| February 17, 2026 | *No change* | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shawn McRoberts, at shawn_mcroberts@txed.uscourts.gov. |
| February 17, 2026 | *No change* | Serve Objections to Rebuttal Pretrial Disclosures |
| February 10, 2026 | *No change* | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| February 9, 2026 | *No change* | File Motions *in Limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| N/A | February 9, 2026 | Sur-replies to Dispositive Motions (including *Daubert* motions) |
| N/A | February 3, 2026 | Replies to Dispositive Motions (including *Daubert* motions) |
| January 23, 2026 | *No change* | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |

| January 19, 2026 | January 27, 2026 | *Response to Dispositive Motions (including *Daubert* Motions). Responses to dispositive motions that were filed <u>prior</u> to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV-7(e), not to exceed the deadline as set forth in this Docket Control Order.[4] Motions for Summary Judgment shall comply with Local Rule CV-56. |
|---|---|---|
| January 5, 2026 | January 15, 2026 | *File Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |
| January 5, 2026 | January 15, 2026 | *File Dispositive Motions<br><br>No dispositive motion may be filed after this date without leave of the Court.<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than agreement among the parties.</u> |
| December 22, 2025 | January 13, 2026 | Deadline to Complete Expert Discovery |
| December 8, 2025 | December 29, 2025 | Serve Disclosures for Rebuttal Expert Witnesses |
| November 18, 2025 | *No change* | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |
| November 17, 2025 | December 8, 2025 | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |

---

[4] The parties are directed to Local Rule CV-7(d), which provides in part that "[a] party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion." If the deadline under Local Rule CV 7(e) exceeds the deadline for Response to Dispositive Motions, the deadline for Response to Dispositive Motions controls.

| November 17, 2025 | December 5, 2025 | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |
|---|---|---|

Dated: November 10, 2025

Respectfully submitted,

By: /s/ *Aaron R. Fahrenkrog*

Aaron R. Fahrenkrog
MN Bar No. 0386673 (admitted in this District)
Email: afahrenkrog@robinskaplan.com
Logan J. Drew
MN Bar No. 0389449 (admitted in this District)
Email: ldrew@robinskaplan.com
Emily J. Tremblay
MN Bar No. 0395003 (*pro hac vice*)
Email: etremblay@robinskaplan.com
Jessica L. Gutierrez
MN Bar No. 0396359 (*pro hac vice*)
Email: jgutierrez@robinskaplan.com
William R. Jones
MN Bar No. 0402360 (*pro hac vice*)
Email: wjones@robinskaplan.com
Prateek N. Viswanathan
MN Bar No. 0504753 (*pro hac vice*)
Email: pviswanathan@robinskaplan.com
**ROBINS KAPLAN LLP**
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402
Telephone: 612-349-8500
Facsimile: 612-339-4181

Andrea L. Fair
Texas State Bar No. 24078488
E-mail: andrea@millerfairhenry.com
**MILLER FAIR HENRY, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

*Attorneys for Plaintiff iCashe, Inc.*

6

By: */s/ Melissa R. Smith*

Melissa R. Smith
State Bar No. 24001351
**GILLAM & SMITH, LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Steven Pepe
(NY Bar No. 2810430)
Alexander E. Middleton
(NY Bar No. 4797114)
Matthew R. Shapiro
(NY Bar No. 5102017)
Brian Lebow
(MA Bar No. 705567)
**SHEPPARD, MULLIN, RICHTER**
**& HAMPTON LLP**
30 Rockefeller Plaza
New York, NY 10112-0015
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
spepe@sheppardmullin.com
mshapiro@sheppardmullin.com
blebow@sheppardmullin.com
amiddleton@sheppardmullin.com

David S. Chun
(CA Bar No. 315958)
**SHEPPARD, MULLIN, RICHTER**
**& HAMPTON LLP**
1540 El Camino Real, Suite 120
Menlo Park, CA 94025-4111
Telephone: (650) 815-2600
Facsimile: (650) 815-2601
dchun@sheppardmullin.com

Fan (Frances) Zhang
(CA Bar No. 324347)
**SHEPPARD, MULLIN, RICHTER**
**& HAMPTON LLP**

2099 Pennsylvania Avenue, N.W.<br>
Washington, DC 20006<br>
Telephone: (202) 747-1900<br>
Facsimile: (202) 747-1901<br>
fzhang@sheppardmullin.com

*Attorneys for Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this the 10th of November.

/s/ Aaron R. Fahrenkrog

## CERTIFICATE OF CONFERENCE

Over multiple days, most recently on November 7, 2025, counsel for Plaintiff and counsel for Defendants met and conferred pursuant to Local Rule CV-7(h). The Parties are in agreement and are filing this motion jointly.

/s/ Aaron R. Fahrenkrog